[Civ. No. 20669.   Second Dist., Div. One.   May 23, 1955.]

JENNIE B. DeLONG, Respondent, v. FRED A. MILLER et al., Appellants.

Hightower & Martin and John L. Martin for Appellants.

Vincent J. Blumberg and Leslie L. Heap for Respondent.

DORAN, J.—The defendants herein are appealing from an order "refusing to enjoin or restrain Vincent J. Blumberg (respondent's attorney) from participating thereafter, directly or indirectly," in this proceeding.  According to appellants' brief, this appeal is concerned "with the problem of whether a man (Attorney Blumberg), once attorney for Fred (A. Miller, appellant), can now some years later be attorney for the former wife of Fred (now Jennie V. DeLong, respondent)."

It appears that the respondent and the appellant Fred A. Miller were married on July 2, 1927, that there are two chil-

dren now of age, and that on October 5, 1944, a default divorce decree, at the suit of the husband was entered in Los Angeles County. In this action the husband was represented by Attorney Burke Mathes.

The present complaint, filed for the wife, Jennie B. (Miller) DeLong, on July 13, 1953, by Attorney Vincent J. Blumberg, is denominated "Complaint for an accounting and division of community property; for rescission and cancellation of an alleged assignment; to declare a trust and other equitable relief or damages and declaratory relief, etc." It alleges that at the time of marriage Fred A. Miller "neither owned or possessed any property, apart from a small sum of money and some personal belongings"; that Miller was engaged in "many and varied oil well drilling and leasing activities and ventures" in California.

The complaint further alleges that the wife had no experience in business matters and relied upon the husband's integrity; that previous to the divorce Miller represented "that he was willing to and would, divide equally with her, all of the community property," and "that the only community property then existing, consisted of the four room house in which she was then living at Templeton (San Luis Obispo County) and its meagre furnishings," and that all community property "was worth not more than $5,000.00." Relying on these representations, the wife consented to the proposed division, retaining the family home and causing "a cash payment in the amount of $2,500.00 to be made to said defendant, believing it to be as and for, his one-half of the then existing community property."

It is then alleged that at the time mentioned the wife "did not consult an attorney, was not aware of her legal rights"; that "unbeknownst to her," the husband had, during the marriage, acquired various other items of community property consisting of oil leases, etc., of the value of not less than $675,000, the income from which has not been less than $7,500 per month; that the husband had variously schemed and planned by assignments and otherwise, to defraud the plaintiff of any share therein.

Following the taking of the wife's deposition, "it was immediately apparent," says appellants' brief, "that Vincent (J. Blumberg) had been retained by the former wife to act against Fred (A. Miller) because Vincent had been Fred's attorney in earlier years," whereupon appellant Miller filed the motion in question, seeking to disqualify Blumberg as the

wife's attorney. The motion was supported by affidavits of Fred A. Miller and others to the effect that Vincent J. Blumberg had acted as attorney for Miller in various matters and that Miller had made confidential statements to Blumberg, together with the deposition that the wife had ''contacted Mr. Blumberg because he had formerly been attorney for your former husband . . .'', and that Blumberg ''knew a long time ago about his business affairs; but during the time that there was an association between the two, business association.''

It is further claimed by appellants that ''Fred (A. Miller) and Vincent (J. Blumberg) were good friends'' who ''worked upon deals together and in addition to which, chased after girls together,'' by reason of which relationships, Attorney Blumberg became confidentially informed as to all of Fred's affairs, business and social, disqualifying Blumberg from acting as attorney for the former Mrs. Miller.

While admitting that the two men were formerly business and social associates, and that Blumberg at times represented certain companies and groups in which Miller was interested, respondent's brief denies that Blumberg was ever ''Mr. Miller's personal attorney,'' alleging that ''Mr. Burke Mathes handled Mr. Miller's legal matters.'' Attorney Blumberg served in the United States Navy from June, 1942, until January, 1946, during which period, it was stipulated, that ''there have been no dealings between Mr. Miller and Mr. Blumberg . . . except as adversaries in connection with this proceeding.'' There was likewise a stipulation that none of the property claimed by plaintiff ''was acquired by him (Miller) prior to the interlocutory decree . . . about October 6, 1944.''

Appellants' first contention is that, on the hearing of the motion to disqualify Attorney Blumberg from acting for Jennie Miller DeLong, at which oral testimony was taken, it was the trial court's duty to make written findings of fact and conclusions of law, there being no waiver thereof. The respondent, however, points out that this matter is governed by the language of section 632 of the Code of Civil Procedure which reads: ''In superior and municipal courts, upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk. . . . In giving the decision, the facts found and conclusions of law must be separately stated.''

It is to be noted that the above section contains no mention of motions, and as said in *Carpenter* v. *Pacific Mutual*

*Life Ins. Co.,* 10 Cal.2d 307, 327 [74 P.2d 761], "Findings are required and necessary only where a statute so provides." (*Matter of Danford,* 157 Cal. 425 [108 P. 322].) In the present case the proceeding before the trial court was not "the trial of a question of fact," but the determination of a question of law upon a motion to disqualify plaintiff's attorney. That testimony was actually taken, in augmentation of the accompanying affidavits, does not change the nature of the proceeding. ■ And as respondent observes, "We would need twice as many courts as we have if findings were required on motions. Such is not required by law, nor is it contemplated by any of the authorities."

■ Rule 5 of the Rules for Professional Conduct, cited by appellants as authority for the contention that the plaintiff's attorney should be disqualified because of previous confidential, legal, business and social relations with Fred A. Miller, reads as follows: "A member of the State Bar shall not accept employment adverse to a client or former client, relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by such client or former client."

Business and Professions Code of California, section 6068, subdivision (e), makes it the duty of an attorney "To maintain inviolate the confidence, and at every peril to himself, to preserve the secrets of his client." In like manner, canons 6 and 37 of Professional Ethics of the American Bar Association, dealing with the same matter, are set forth in appellants' brief. In respect to these rules there can be, of course, no complaint.

As respondents aver, however, "those rules are applied only when there is a factual basis for the application." The matter was squarely presented by motion, and the trial judge, after considering the affidavits, oral testimony given by Vincent J. Blumberg, Attorney Burke Mathes, and appellant Fred A. Miller, and the arguments of the parties, took the matter under submission on May 25, 1954, until June 2, 1954, at which time the court ruled that "Defendant's motion for order disqualifying attorney from further participation in this action is denied."

Careful examination of the affidavits and testimony taken at the hearing of the motion discloses substantial support for the trial court's finding that there was no sufficient ground for the attorney's disqualification. As respondent says: "The Honorable Judge who heard this motion was familiar,

through years of experience, with matters of this kind. He thoroughly considered the situation. . . ." In this state of the record, even if another court might conceivably find otherwise, no reversal is warranted under the rules of appellate review. It is obvious that the trial judge was in a better position to evaluate the evidence than any appellate tribunal.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.