[S. F. No. 19246.   In Bank.   Oct. 7, 1955.]

THOMAS J. MEEHAN, as Receiver, etc., et al., Respondents, v. STEWART B. HOPPS et al., Appellants.

J. W. Ehrlich, Lloyd W. Dinkelspiel, Eugene S. Clifford and Heller, Ehrman, White & McAuliffe for Appellants.

Edmund G. Brown, Attorney General, Harold B. Haas, Deputy Attorney General, Freitas, Allen, McCarthy & Bettini, McCutcheon, Thomas, Matthew, Griffiths & Green and James D. Adams for Respondents.

SHENK, J.—This is a motion to dismiss the appeal from an order of the Marin County Superior Court denying the defendants' motion to enjoin plaintiffs' counsel from further participation in the case and to restrain such counsel from disclosing certain confidential information pertaining thereto.

The action is by the receiver of the Rhode Island Insurance Company and the Insurance Commissioner of the State of California against Stewart B. Hopps and others for an accounting and other relief on behalf of the policyholders, creditors and stockholders of the company. The plaintiffs charge that Hopps, former director, member of the executive committee and chairman of the board of the company, dominated and managed the company's affairs for his own personal gain in violation of his fiduciary duties.

The complaint was filed and served on July 2, 1954, together with a notice to take defendant Hopps' deposition. Edwards and Angell, of Providence, Rhode Island, are counsel for the plaintiff receiver but are not attorneys of record in this case. Edward Winsor, a partner of that firm, was engaged in taking the deposition of Hopps when his present attorney objected to Winsor's further questioning of Hopps on the ground that Winsor had previously represented Hopps regarding matters involved in the present action. Upon the advice of counsel, Hopps refused to continue with the deposition and subsequently filed a notice of motion in the trial court for an order enjoining Edwards and Angell, its partners and associates and other counsel (to the extent that their knowledge of the subject matter of the action was derived from Edwards and Angell) from further participation in the case and from disclosing information pertaining thereto. The basis of the motion was the alleged dual representation of Edwards and Angell and a claim that Hopps had turned over to Edwards

and Angell as his lawyers certain files, documents and other information which the plaintiffs have used and threaten to use against him in the present action. After oral and documentary evidence was received during an 11-day hearing, the motion was denied. The matter now before this court is the plaintiffs' motion to dismiss Hopps' appeal from the trial court's order denying his motion to disqualify and enjoin counsel. The sole question is whether the trial court's order is appealable.

Hopps correctly contends that the motion for a restraining order falls within section 963 of the Code of Civil Procedure which provides that an appeal may be taken ". . . 2. From an order . . . refusing to grant or dissolve an injunction. . . ." The plaintiffs argue that the order in question is not an order refusing to grant an injunction; rather that it is merely an exercise of the trial court's inherent power to ". . . provide for the orderly conduct of proceedings before it . . ." and to ". . . control in the furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto." (Code Civ. Proc., § 128.)

While the trial court might have power to act under section 128, it is beyond question that Hopps specifically invoked the equity power of the court by his motion. He asked for an order "restraining and enjoining" plaintiffs' attorneys, not only to prevent them from participating in the case but also to restrain them from using or making available out of court the information they had derived from the former confidential relationship. The trial court's order denying the motion stated: ". . . defendant's motion to disqualify and enjoin counsel . . . is hereby denied." The relief sought in the present case parallels the prayer in *Wutchumna Water Co.* v. *Bailey,* 216 Cal. 564, 567 [15 P.2d 505], where a similar order was held appealable in an independent proceeding to enjoin counsel. Both the language of the motion and the order itself meet the test for an injunction laid down in Code of Civil Procedure, section 525, where an injunction is defined as ". . . a writ or order requiring a person to refrain from a particular act." It follows that the appeal is from an order ". . . refusing to grant or dissolve an injunction" within the meaning of section 963, subdivision 2. (See *Delong* v. *Miller,* 133 Cal.App.2d 175 [283 P.2d 762]. Other relevant applications of section 963

are found in *Lincoln* v. *Superior Court,* 22 Cal.2d 304 [139 P.2d 13] ; *Brydon* v. *City of Hermosa Beach,* 93 Cal.App. 615 [270 P. 255] ; *Luitwieler* v. *Superior Court,* 54 Cal.App. 528 [202 P. 165].) ■ We are persuaded that the motion was properly made directly to the trial court. While Hopps could have sought an injunction against his former counsel in an independent action (*Wutchumna Water Co.* v. *Bailey, supra,* 216 Cal. 564), his timely motion to the court having jurisdiction over the pending cause was equally appropriate. The law leaves to the complaining party the choice of any proper procedural avenue of redress.

The plaintiffs rely on *Union Oil Co.* v. *Reconstruction Oil Co.,* 4 Cal.2d 541 [51 P.2d 81], to support their contention that the order is not appealable under section 963, subdivision 2. In that case the plaintiff sought to enjoin a trespass upon its property by means of "whipstock" or "crooked hole" oil well drilling. The trial court made two orders empowering the plaintiff and certain experts to examine and survey the well. From both orders the defendant appealed. In granting motions to dismiss the appeals, the court said at page 546 : "Neither can said orders be correctly construed as prohibitory injunctions. It is true that they order the appellants to refrain from interfering with the carrying out of the orders of examination and survey. But this prohibition is in reality surplusage since every order of a court by necessary implication proscribes any interference with its enforcement." The plaintiffs quote this language in their briefs but they apparently ignore the sentence next following in the opinion as follows: "Aside from this minor and subsidiary provision, the orders did not prohibit appellants from any affirmative action." By seeking an order restraining opposing counsel from further participation in the case and from disclosing confidential information pertaining thereto, Hopps' motion clearly contemplated a restraint in a well defined sphere of affirmative action. That appears to have been the sole purpose of the motion. Hence the present case is not controlled by the principles which the plaintiffs seek to derive from the Union Oil case. Other cases cited by the plaintiffs in this connection are too remote from the central point to require discussion.

■ Similarly without merit is the plaintiffs' contention that the order is nonappealable because it is not a final order upon a collateral issue. (Code Civ. Proc., § 963, subd. 1.) The matter of disqualification of counsel is unquestionably

collateral to the merits of the case. As stated in *Union Oil Co.* v. *Reconstruction Oil Co., supra,* 4 Cal.2d 541, 545, the test is whether the matter is ". . . important and essential to the correct determination of the main issue. . . ." It requires no argument to demonstrate that the question of disqualification of counsel bears no relation to the main issue in the present case. It has been correctly stated that the general test for determining whether the judgment is final is "that where no issue is left for future consideration except the facts of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of a judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11]. See *In re Los Angeles County Pioneer Soc.,* 40 Cal.2d 852, 858 [257 P.2d 1]; *Bakewell* v. *Bakewell,* 21 Cal.2d 224, 227 [130 P.2d 975]; *Sharon* v. *Sharon,* 67 Cal. 185, 195 [7 P. 456, 635, 8 P. 709].) Because the trial court's order denying Hopps' motion left nothing further of a judicial nature for a final determination of his rights regarding opposing counsel, the order was final for purposes of appeal.

The plaintiffs next contend that the appropriate review procedure is by an appeal from the final judgment on the merits of the case, citing *People* v. *Lanigan,* 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176]; *People* v. *Rocco,* 209 Cal. 68 [285 P. 704]; *McCabe* v. *Healy,* 138 Cal. 81 [70 P. 1008]; *In re Jones Estate,* 118 Cal. 499 [50 P. 766, 62 Am.St.Rep. 251]; *Hicks* v. *Drew,* 117 Cal. 305 [49 P. 189]; *Weidekind* v. *Tuolumne County Water Co.,* 74 Cal. 386 [19 P. 173, 5 Am. St.Rep. 445]; *People* v. *Meacham,* 84 Cal.App.2d 193 [190 P.2d 262]; *Pennix* v. *Winton,* 61 Cal.App.2d 761 [143 P.2d 940, 145 P.2d 561]. The plaintiffs argue that these cases establish the right to test the order on appeal from the judgment and therefore exclude the appeal before final judgment on the merits under section 956 of the Code of Civil Procedure. That section provides that on appeal from a final judgment the reviewing court is not authorized to ". . . review any decision or order from which an appeal might have been taken." To the extent that the cases above cited are relevant to the matter now before us, they seem to contain an implicit ruling that an order denying the defendants' motion to disqualify and restrain counsel is not appealable. However, in none of those cases is it apparent that the question of appeal-

ability was put in issue or considered by the court. Furthermore, if Hopps must wait for a determination on appeal from the judgments of his right to exclude the attorneys from disclosing information they had formerly obtained, the damage to him which he now properly seeks to avoid would have been done.

Finally, the plaintiffs contend that the proper means of review is the writ of certiorari, citing *Petty* v. *Superior Court*, 116 Cal.App.2d 20 [253 P.2d 28]. It is argued that certiorari is the proper procedure under section 1068 of the Code of Civil Procedure which authorizes the writ only when "there is no appeal," and that under the Petty case there is no right of appeal from the order in the present case. Yet nowhere in the Petty opinion is there any suggestion that the court considered, or that the parties raised, the question of the right to appeal. The Petty decision cannot, therefore, be said to hold against the right to appeal from the order now before us.

The motion to dismiss the appeal is denied.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.