Filed 5/19/16  Sweetwater Union High School Dist. v. Rangel-Palacios CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SWEETWATER UNION HIGH SCHOOL DISTRICT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERENDIRA RANGEL-PALACIOS,<br><br>Defendant and Appellant. | D067799<br><br><br>(Super. Ct. No. 37-2014-00022222-CU-PT-CTL) |

APPEAL from orders of the Superior Court of San Diego County, Lisa Schall, Judge.  Affirmed.

Erendira Rangel-Palacios, in pro. per., for Defendant and Appellant.

Sue Ann Salmon Evans, Candace M. Bandoian and Dannis Woliver Kelley, for Plaintiff and Respondent.

INTRODUCTION

Erendira Rangel-Palacios appeals orders compelling discovery responses and awarding sanctions pursuant to former Education Code section 44944, subdivision (a),[1] related to an administrative proceeding regarding the dismissal of Rangel-Palacios from her teaching position with the Sweetwater Union High School District (Sweetwater). We conclude the orders are appealable. However, Rangel-Palacios failed to provide an adequate record on appeal or arguments with supporting citations to either legal authority or the record. Her failure to do so precludes appellate review. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.) The record before us establishes the trial court properly exercised its discretion to compel responses to discovery and to award sanctions and we affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

Sweetwater served Rangel-Palacios, a permanent certificated employee, with an accusation in January 2014 seeking her dismissal for unprofessional conduct, dishonesty,

---

[1]     Before its 2014 amendment, which was effective in January 2015, Education Code section 44944, subdivision (a)(1), provided the parties in a dismissal or suspension proceeding with the same discovery rights as those afforded to parties in a civil action under the Civil Discovery Act (Code Civ. Proc., § 2016.010, et seq.). Education Code section 44944, subdivision (a)(2) formerly provided: "If the right of discovery granted under paragraph (1) is denied by either the employee or the governing board, all of the remedies in Chapter 7 (commencing with Section 2023.010) of Title 4 of Part 4 of the Code of Civil Procedure shall be available to the party seeking discovery and the court of proper jurisdiction, to entertain his or her motion, shall be the superior court of the county in which the hearing will be held." (Stats. 2014, ch. 55, § 15, pp. 85-86.) All references to Education Code section 44944 are to the statute in effect prior to the 2014 amendment.

unsatisfactory performance, unfitness of service, and persistent violation of or refusal to obey the school laws of the state or regulations. The matter was assigned to the Office of Administrative Hearings (OAH) for a hearing.

Sweetwater served discovery requests including form and special interrogatories, requests for production of documents, and requests for admissions in March 2014. Rangel-Palacios provided no responses even though Sweetwater granted her extensions of time to respond to the discovery requests. Sweetwater attempted to meet and confer with Rangel-Palacios regarding the outstanding responses in May 2014 and filed a motion to compel responses with the OAH. At a telephonic hearing held with an OAH administrative law judge (ALJ) at the end of May, Rangel-Palacios confirmed her attorney had withdrawn. Although she confirmed she received the outstanding discovery requests, Sweetwater's counsel provided her with courtesy copies of the outstanding discovery and again requested responses.

The ALJ issued a tentative ruling noting the court of proper jurisdiction to hear motions to compel discovery requests granted under Education Code section 44944 is the superior court. The ALJ granted the motion to compel responses to requests for discovery made pursuant to Government Code section 11507.6 for administrative adjudication proceedings. After Rangel-Palacios failed to respond to these requests for discovery, the ALJ certified the matter to the superior court for contempt sanctions.

Sweetwater's counsel spoke with Rangel-Palacios on June 6, 2014, about the outstanding responses and reminded her she also owed responses to requests for admission. Sweetwater's counsel sent a follow-up letter stating Rangel-Palacios could

3

bring her documents to Sweetwater's counsel's office where they would make copies at her expense if they were too voluminous to mail. Instead of providing responses, Rangel-Palacios sent Sweetwater's counsel a letter requesting production of documents responsive to 23 separate requests within days. Sweetwater said it would respond to the discovery requests as provided by statute. It also reminded Rangel-Palacios she could deliver her documents to counsel's office and they would make copies at her expense.

After receiving no discovery responses from Rangel-Palacios, Sweetwater petitioned the superior court to assume jurisdiction pursuant to former Education Code section 44944, subdivision (a), of the discovery matters. Sweetwater moved to compel Rangel-Palacio to respond to requests for production of documents, to respond to form and special interrogatories, and to deem requests for admissions admitted. Sweetwater also sought sanctions. Sweetwater personally served Rangel-Palacios with the petition along with the discovery motions indicating the motions would be heard on September 19, 2014. Certain motions were continued to October 31, 2014.

Rangel-Palacios did not oppose the motions. The court heard and granted the motion to compel responses to the request for production of documents and the motion for deemed admissions on September 19, 2014. Rangel-Palacios did not appear at the September 19, 2014 hearing.[2] The court heard and granted the motion to compel

---

[2] We grant Rangel-Palacios's motion to augment the record on appeal only as to the trial court minutes dated August 5, 2014, September 19, 2014, and October 31, 2014. The motion to augment is denied in all other respects as the other documents are outside the record of the superior court and are irrelevant to our decision. (Cal. Rules of Court, rule 8.155(a)(1).)

responses to form and special interrogatories and request for sanctions on October 31, 2014. The court imposed sanctions as follows: (1) $3,283.17 for failure to respond to requests for production of documents; (2) $4,410.17 for failure to respond to requests for admissions; (3) $4,000 for failure to respond to form interrogatories; and (4) $4,000 for failure to respond to special interrogatories. Rangel-Palacios appeals these discovery orders.[3]

DISCUSSION

I

We asked the parties to address the issue of appealability in their briefs. Rangel-Palacios contends the orders are appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1) (a judgment) and subdivision (b) (sanction order of $5,000 or less reviewable after entry of final judgment or extraordinary writ). Sanction awards may not be combined to meet the $5,000 threshold for appealability pursuant to Code of Civil Procedure section 904.1, subdivision (a)(12). (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 43-44.)

Sweetwater contends the discovery orders are not appealable pursuant to either Code of Civil Procedure sections 904.1 or 1064 because the discovery orders were not a

---

[3] Rangel-Palacio has since filed a petition for writ of administrative mandamus challenging the final decision of the Commission on Professional Competence for the Sweetwater Union High School District. (*Rangel-Palacios v. Sweetwater Union High School District* (Super. Ct. San Diego County, No. 37-2015-00007906-CU-WM-CTL).) We grant Sweetwater's request for judicial notice for the fact the petition was filed, not for the truth of any matters asserted therein. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1266.)

final judgment or order between the parties. Sweetwater contends the discovery orders were ancillary to the administrative proceeding, which did not conclude until a final decision was issued in that proceeding.

We conclude the orders are appealable as a final determination of the rights of the parties in a special proceeding. (Code Civ. Proc., § 1064.) "[T]he general test for determining whether the judgment is final is 'that where no issue is left for future consideration except the facts of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of a judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Meehan v. Hopps* (1955) 45 Cal.2d 213, 217; see *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; *People v. Whaley* (2008) 160 Cal.App.4th 779, 802.)

In this case, the petition for assumption of jurisdiction asked the superior court to assume jurisdiction over the discovery motions and to grant any relief thereon deemed proper by the court. The court resolved all issues in the petition by the orders subject to this appeal. Although the issue of the employment dispute case could subsequently return to the superior court via a petition for administrative mandamus following a decision in the administrative proceeding (and apparently has done so), an administrative mandamus is a separate proceeding and is not a continuation of the discovery proceeding at issue here.

II

We review discovery orders, including orders awarding sanctions, for abuse of discretion. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733; *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435 [" 'A court's decision to impose a particular sanction is subject to reversal only for manifest abuse exceeding the bounds of reason' "].) " ' "The trial court's determination will be set aside only when it has been demonstrated that there was 'no legal justification' for the order granting or denying the discovery in question." ' " (*Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 740.)

Rangel-Palacios states in her opening brief she responded to the discovery prior to September 19, 2014, but mistakenly did not sign the responses. There is no support for this contention in the record.[4] In her reply brief, Rangel-Palacios makes other unsupported representations regarding the meet and confer process and the discovery motions, as well as matters relevant only to the OAH proceedings.

It is the appellant's burden to provide an adequate record on appeal. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"]; *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 849 [the appealing party must provide an

---

4    Rangel-Palacios submitted with her motion to augment what appears to be excerpts of the discovery requests with handwritten notations. However, these documents are not complete, are not signed and give no indication if or when these responses were served on Sweetwater. There is also no indication these documents were ever provided to the trial court. Therefore, we deny the request to augment the record with these documents. (Cal. Rules of Court, rule 8.155(a)(1).)

7

adequate record demonstrating error].)  "We cannot presume error from an incomplete record."  (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)  We are not permitted to speculate as to the contents of the missing portions of the record or the issues that may have raised below.  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  The failure to provide an adequate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination."  (*Estrada v. Ramirez, supra*, 71 Cal.App.4th at p. 620, fn. 1.)

Rangel-Palacios also failed to provide citations to the record in support of the factual and procedural assertions in her briefs or cogent legal analysis supported by citation to authority.   Therefore, we deem her contentions waived.  (*Regents of University of California v. Sheily, supra*, 122 Cal.App.4th at p. 826, fn. 1; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [statements in appellate briefs not supported by citations to the record are improper and cannot be considered].)

Although Rangel-Palacios is representing herself in this appeal, the rules of civil procedure apply equally to her.  A litigant "appearing in propria persona, … is entitled to the same, but no greater, consideration than other litigants and attorneys."  (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see *Nwosu v. Uba, supra*, 122 Cal.App.4th at pp. 1246-1247.)

The record properly before us establishes Sweetwater presented evidence it propounded discovery as permitted by statute.  Despite meet and confer efforts with both Rangel-Palacios and her former counsel, Rangel-Palacios failed to provide verified responses to the discovery.  Rangel-Palacios did not oppose the discovery motions in the

8

superior court.  (*Bell v. Am. Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602 ["[f]ailure to register a proper and timely objection to a ruling or proceeding in the trial court waives the issue on appeal"].)  Therefore, the court acted within its discretion to grant the discovery motions and impose sanctions.

DISPOSITION

The orders are affirmed.  Sweetwater shall recover its costs on appeal.


McCONNELL, P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.