Filed 1/21/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN L. SHEEHY, as Trustee, etc., | |
| Plaintiff and Appellant, | G064229 |
| v. | (Super. Ct. No. 30-2020-01146716) |
| CHICAGO TITLE INSURANCE COMPANY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Andre De La Cruz, Judge. Dismissed.

Miller Barondess, James L. Goldman; Voss Cook & Thel, and James G. Damon for Plaintiff and Appellant.

Garrett & Tully, Ryan C. Squire, Ani Grigoryan; Fidelity Nations Law Group, and Paul McGeough for Defendant and Respondent.

\* \* \*

This case presents us with an unusual situation: an appellant appealing directly from an order on a motion in limine, and with published authority supporting the proposition that such an appeal is possible. We dismiss the appeal and publish this opinion to express our disagreement with that authority and our view that this type of order is properly reviewed only by writ petition or by appeal from the final judgment.

STATEMENT OF FACTS

Plaintiff Brian L. Sheehy sued his title insurer, defendant Chicago Title Insurance Company in connection with a dispute over an easement affecting plaintiff's property. In response to defendant's demand, plaintiff designated his expert witnesses, including an attorney who was designated to testify regarding defendant's handling of plaintiff's claim. This attorney previously represented defendant as claims counsel.

As trial approached, defendant filed several motions in limine, including a motion to exclude plaintiff's expert on the ground that the State Bar Rules of Professional Conduct prohibited plaintiff's expert from testifying adversely to defendant. (See Rules Prof. Conduct, rule 1.9.) The trial court granted the motion.

PROCEDURAL HISTORY

Plaintiff filed a petition for a writ of mandate with this court on this issue, which we summarily denied. Simultaneously, plaintiff appealed from the trial court's ruling, citing *Brand v. 20th Century Insurance Company/21st Century Insurance Company* (2004) 124 Cal.App.4th 594 (*Brand*) for the proposition that the order was appealable.

Upon the filing of plaintiff's civil case information statement in the appeal, this court stayed preparation of the record, indicated the court

2

was considering dismissal of the appeal, and requested briefing. The parties filed letter briefs and a hearing was held.

DISCUSSION

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) In ordinary civil cases, appeals are generally not permitted except from the final judgment. (*Ibid.*) The purpose of this rule is "to prevent "'piecemeal disposition and multiple appeals'" which "'tend to be oppressive and costly. [Citation.] Interlocutory appeals burden the courts and impede the judicial process in a number of ways: (1) They tend to clog the appellate courts with a multiplicity of appeals. . . . (2) Early resort to the appellate courts tends to produce uncertainty and delay in the trial court. . . . (3) Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken. [Citations.] (4) Later actions by the trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless. (5) Having the benefit of a complete adjudication . . . will assist the reviewing court to remedy error (if any) by giving specific directions rather than remanding for another round of open-ended proceedings.""" (*Id.* at pp. 5–6.)

Our Supreme Court has articulated an exception to this rule for orders granting or denying motions to disqualify counsel. (*Meehan v. Hopps* (1955) 45 Cal.2d 213; *Reed v. Superior Court* (2001) 92 Cal.App.4th 448, 452–453.) The rationale for this holding is that orders on disqualification motions are either a final collateral order or an order granting or denying a request

3

for an injunction "to restrain counsel from participating in the case." (*Reed,* at pp. 452–453.)

Another line of authority, perhaps even more venerable, holds that orders on evidentiary matters, including motions in limine, are not themselves appealable. (*Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 207.) Instead, these issues are preserved for appeal from the trial court's final judgment. (*Crouch v. Trinity Christian Center of Santa Ana, Inc.* (2019) 39 Cal.App.5th 995, 1021.)

In *Brand*, a case strikingly similar to this one, these two lines of authority ran headlong into each other. The plaintiff's designated expert on the defendant insurance company's claims handling practices was, just as here, former counsel to the defendant. (*Brand*, *supra*, 124 Cal.App.4th at p. 600.) The defendant moved for a protective order barring the attorney from testifying. (*Ibid.*) The trial court denied the motion. (*Ibid.*) Again, just as here, the defendant filed a petition for a writ of mandate, which was summarily denied, but also pursued an appeal from the same order. (*Id.* at p. 601.)

The *Brand* court dispensed with the appealability issue in two sentences: "The trial court's order denying the motion to disqualify counsel[1] and prohibit [the attorney] from testifying in this action as an expert constitutes a 'final order upon a collateral issue' as well as an order denying

---

[1]This portion of the opinion describes the motion as a "motion to disqualify counsel," but the initial discussion of the facts describes it as a motion "for a protective order." (*Brand*, *supra*, 124 Cal.App.4th at pp. 600–601.) There is no suggestion in the opinion that the attorney served as the plaintiff's counsel of record or served plaintiff in any capacity other than as an expert witness.

an injunction. As such, it is directly appealable." (*Brand, supra,* 124 Cal.App.4th at p. 601.)

This strikes us as an erroneous conflation of two separate ideas. A "motion to disqualify counsel" is directed to counsel representing a party in a case. Granting such a motion means removal of the attorney from the case as counsel. (*Antelope Valley Groundwater Cases* (2018) 30 Cal.App.5th 602, 616 [explaining that a motion to disqualify counsel implicates "the clients' right to counsel of their choice"].) Orders granting or denying such motions, per Supreme Court precedent, are directly appealable.

By contrast, an order on a motion to prohibit an attorney from testifying is a discovery or evidentiary ruling,[2] irrespective of the fact that it happens to involve an attorney. Such orders do not require a client to choose new counsel, only (at most) a new witness. Most importantly, there is no Supreme Court case explaining that such orders are appealable.

As the Supreme Court explained in *Meehan v. Hopps, supra,* 45 Cal.2d 213, orders on motions to disqualify counsel are appealable as either final collateral orders or injunctions. (*Id.* at p. 217.) Neither rationale applies to orders on motions in limine. Orders on motions in limine are not truly "collateral" to the issues at stake in the case. Instead, as with every other evidentiary ruling, they are a "necessary step" toward the final judgment. (*In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 419.)

Nor does it make any sense to consider an order on a motion in limine an appealable "injunction." An order disqualifying an attorney from

---

[2] An order on a motion for a protective order, like the one in *Brand*, is typically thought of as a discovery ruling, while an order on a motion in limine, like the one in this case, is an evidentiary ruling. For this purpose, this distinction makes no difference.

representing a client in an action enjoins that attorney from engaging in certain behavior, both in and out of the courtroom. Meanwhile, an order on a motion in limine merely excludes certain evidence or declines to exclude that evidence. The only sense in which anyone is "enjoined" by such a ruling is that a party and/or their attorney may be restrained from introducing certain evidence. But the same can be said for any evidentiary or discovery ruling. We can see no principled distinction between evidentiary or discovery rulings that happen to involve attorneys or the State Bar Rules of Professional Conduct and those that do not. Absent such a distinction, we must choose between the unthinkable—allowing direct appeals from every evidentiary or discovery ruling characterizable as an injunction—and disagreeing with the *Brand* case. We choose the latter.

## DISPOSITION

The appeal is dismissed.

Defendant shall recover its costs on appeal.

SANCHEZ, J.

WE CONCUR:

O'LEARY, P. J.

DELANEY, J.

6