93  653
116  276

[No. 14501.    In Bank. — March 24, 1892.]

# DAVID F. CAMPBELL, EXECUTOR, ETC., RESPONDENT, v. THOMAS A. WEST ET AL., APPELLANTS.

PARTIES — SUBSTITUTION OF EXECUTOR OR ADMINISTRATOR — EX PARTE MOTION. — The practice is well settled in this state, in case of the death of a party to an action, to allow the substitution of his legal representative to be made, upon suggestion of the death, and on an *ex parte* motion showing the appointment and qualification of the executor or administrator of the estate of the deceased party.

ID. — PLEADING — AMENDED COMPLAINT — SUPPLEMENTAL COMPLAINT — ALLEGATION OF REPRESENTATIVE CAPACITY — PRESUMPTION. — The allegation of the representative capacity of a substituted executor or administrator may be made by way of amended complaint, and need not be pleaded by supplemental complaint, nor need the allegation be so full as in an original complaint by an executor; but though made insufficiently, it serves the purpose, having been filed by leave of the court, when taken in connection with the judgment, of showing that the action was continued in the name of the executor or administrator, which must be presumed to have been preceded by a proper suggestion of the death of the original party, and satisfactory proof of the appointment and qualification of his legal representative.

ID. — SUBSTITUTION OF ADMINISTRATOR UPON APPEAL — CLERICAL ERROR — IMMATERIAL MISNOMER — SUBSTITUTION OF EXECUTOR AFTER REVERSAL — PRESUMPTION. — The presumption that an executor, who is continued as a party plaintiff in the court below by an amended complaint, was duly substituted on motion in the court below after a reversal of the cause is not inconsistent with the substitution of the same party as an administrator pending the appeal, whether such substitution upon appeal was or was not a clerical error. The misnomer or misdescription of the plaintiff's representative capacity is immaterial, and could not operate to the injury of the defendant.

PRACTICE — SERVICE OF AMENDED COMPLAINT — IRREGULARITY OF SERVICE — APPEAL. — An objection that an amended complaint was served on the defendants personally, and not on their attorneys, must be taken in the lower court by motion; and in the absence of such motion, the appellate court will not reverse a judgment against the defendants for such merely technical error.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion.

*Victor Montgomery*, for Appellants.

The complaint was superseded by the amended complaint. (*Thompson* v. *Johnson*, 60 Cal. 292; *Johnson* v.

*Powers,* 65 Cal. 179.) Facts occurring after the commence-
ment of the suit cannot be considered unless pleaded by
a supplemental complaint. As the plaintiff's cause of ac-
tion depends upon the death of the original plaintiff, and
his appointment and substitution as executor, such facts
should have been pleaded by a supplemental instead of
an amended complaint. (Code Civ. Proc., sec. 464; *Har-
wood* v. *Marye,* 8 Cal. 580; *Moss* v. *Shear,* 30 Cal. 467;
*Barstow* v. *Newman,* 34 Cal. 90; *Hestres* v. *Brennan,* 37
Cal. 388; *Pico* v. *Pico,* 56 Cal. 460; *Washburn* v. *Wilkin-
son,* 59 Cal. 538; *Miller* v. *Luco,* 80 Cal. 263.) The com-
plaint is also insufficient in the averments respecting the
appointment and qualification of plaintiff as executor.
That allegation is but a conclusion of law. It is not
averred that any order, decree, or judgment was "duly
given or made." (Code Civ. Proc., sec. 456; *Young* v.
*Wright,* 52 Cal. 407; *Judah* v. *Fredericks,* 57 Cal. 389.)
There is no averment that Robert Campbell made any
will, when or where the will was probated, or that it was
ever admitted to probate. These facts must be averred.
(*Halleck* v. *Mixer,* 16 Cal. 580; *Barfield* v. *Price,* 40 Cal.
535; *Beach* v. *King,* 17 Wend. 197; *Forrest* v. *Mayor of
New York,* 13 Abb. 350; 18 How. Pr. 326.) The failure
to properly allege the appointment of an executor or
administrator can be raised by general demurrer. It is
a failure to state facts sufficient to constitute a cause of
action (*Barfield* v. *Price,* 40 Cal. 535; *Judah* v. *Freder-
icks,* 57 Cal. 389), and is not waived by failure to demur.
(Code Civ. Proc., sec. 434.)

*Ray Billingsley,* for Respondent.

Where a legal representative has been substituted, as
in this action, it is not necessary to amend the com-
plaint, and allege facts showing his representative capa-
city, as such facts must have been satisfactorily proven
in obtaining the substitution, and the relation of the de-
fendants to the subject-matter or cause of action is in no
manner changed thereby. But admitting it to be neces-
sary, under such circumstances, to plead authority, the

complaint herein is sufficient, in absence of demurrer, to sustain a judgment. (Bliss on Code Pleading, sec. 264, and cases cited in note 5; *Welles* v. *Webster*, 9 How. Pr. 251; *English* v. *Roche*, 6 Ind. 62.)  The failure to properly allege plaintiff's representative capacity can be raised only by special demurrer, under subdivision 2 of section 430 of the Code of Civil Procedure, "that the plaintiff has not legal capacity to sue," and it is not a failure to state facts sufficient to constitute a cause a action.  (*Halleck* v. *Mixer*, 16 Cal. 578–580.)  And there being no jurisdictional question, the defendants must be deemed to have waived all other objections by reason of failure to demur.  (Code Civ. Proc., sec. 434.)

FITZGERALD, C. — This is an appeal upon the judgment roll from a decree foreclosing a mortgage executed by defendants.

It appears that the original plaintiff died while this case was pending here on a former appeal (86 Cal. 197), and that the present plaintiff was thereupon substituted as administrator of the estate of said deceased, upon the suggestion and motion of plaintiff's attorney.

After the reversal of the judgment and the filing of the *remittitur* in the court below, plaintiff moved for and obtained leave to file an amended complaint, in which, among other things, he alleges: " That on or about the —— day of April, 1890, Robert Campbell, the original plaintiff in said action, died testate in the county of Los Angeles, California, and that subsequently, to wit, on or about the twelfth day of June, 1890, said David F. Campbell was duly appointed and qualified as executor of the last will and testament of said deceased, and ever since has been, and now is, the duly acting and qualified executor cf the estate of said deceased."

The amended complaint was duly filed, and a copy thereof personally served on each of the defendants, but no copy was served on their attorney.

Defendants having failed to appear and answer or demur to the amended complaint within the time al-

lowed by law, no further time having been granted by the court, the default of the defendants was duly entered.

It is claimed, with some show of seriousness, that "the facts upon which the present plaintiff's cause of action depends are the death of the original plaintiff, and his appointment as executor of the estate of said deceased, and substitution as such executor in place and stead of said deceased. These facts could not be set forth by *amended* complaint," but should have been pleaded by supplemental complaint.

Section 385 of the Code of Civil Procedure provides, among other things, that "in case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest." And the practice in this state is well settled, in such cases, for courts to allow the substitution to be made, upon suggestion of the death of a party, and on an *ex parte* motion showing the appointment and qualification of the executor or administrator of the estate of the deceased party.

The other provisions of this section, relating to substitution "in case of any other transfer of interest," when set in motion by plaintiff, or the person to whom the transfer is made, or by defendant if for any reason he desires to avail himself of such transfer for any purpose, must be made by supplemental complaint or answer.

It is further claimed that the amended complaint is insufficient, because it fails to properly allege plaintiff's appointment as executor.

If this action had been originally brought by plaintiff as executor, etc., there would be some force in the suggestion, for in that case the complaint should allege the death of the testator, "his leaving a last will and testatment, the appointment therein of plaintiff as executor, the probate of the will, the issuance of letters testamentary thereon to plaintiff, and his qualification and entry upon the discharge of his duties as executor"; and while the allegation of representative capacity objected to is insufficient, it was not essential, but it serves

the purpose, having been filed by leave of court, in connection with the decree of foreclosure, of showing that this action was continued in the name of the plaintiff as executor, which must have been preceded by the suggestion of the death of the original plaintiff, and satisfactory proof, on an *ex parte* motion in the court below, after the case was reversed, of the appointment and qualification of plaintiff as executor.

Nor is this presumption inconsistent with plaintiff's substitution as administrator by order of this court, while the case was pending here on a former appeal, which we are satisfied was a clerical error. But admitting that it was not a clerical error, and that the substitution here was the only one made, the powers and duties of executors and administrators, under our statute in relation to actions of this character, are in all respects the same.

In either case he is permitted to continue the action as the representative or successor in interest of the deceased plaintiff, and whatever may be recovered therein are assets of the estate of which he is the legal representative, and the misnomer or misdescription of the plaintiff's representative capacity is immaterial, for the reason that the object was to continue the action in the name of the legal representative of the deceased; and as the powers and duties of executors and administrators are the same with respect to actions of this character, the mistake of the clerk (if it was a mistake) in confounding these representative titles was one which a person in his position would be liable to make, and one that could not, by any possibility, have operated to the injury of the defendant.

As these are the only questions necessary to be considered, it follows from the views which we have expressed that the judgment should be affirmed, and we so advise.

FOOTE, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 15th of April, 1892: —

The COURT. — The point urged in support of the petition for a rehearing in this case was not overlooked in deciding the appeal. If the fact that the amended complaint was served on the defendants, and not on their attorney, was in any degree prejudicial to them, they should have sought relief by motion in the superior court before appealing from the judgment. We will not reverse a judgment for a merely technical error, which could be corrected in the superior court, when no such application has been made.

Rehearing denied.