[Civ. No. 52060. Second Dist., Div. One. Dec. 28, 1977.]

VIRGINIA PEPPER, as Co-executrix, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
BRENTWOOD COUNTRY CLUB, Real Party in Interest.

COUNSEL

Virginia Pepper and Bernard Reich in pro. per., and Stuart L. Kadison for Petitioners.

No appearance for Respondent.

Dern, Mason, Swerdlow & Floum and Richard H. Floum for Real Party in Interest.

OPINION

**THOMPSON, J.**—Bernard Reich, attorney of record for Albert Pepper, the representative plaintiff in a class action against real party in interest, was removed as counsel by reason of a trial court determination of a conflict of interest. A petition to this court for an alternative writ reviewing that order was denied for unclean hands. Albert Pepper died leaving a will designating Reich as a co-executor. Relying upon its former order, the trial court refused to permit Reich to prosecute the class action in that capacity.

This petition, which we treat as one for a writ of mandate, raises issues of (1) the propriety of the trial court action refusing to permit Reich to continue the lawsuit as a party substituted for the decedent; (2) the validity of trial court action striking a motion by Reich and his co-executrix to require the clerk to enter a default of real party in interest; and (3) the adequacy of notice to petitioners of the proceedings leading to the trial court action which is questioned in the matter at bench.

We conclude that the trial court abused its discretion in denying Bernard Reich the right to continue the action in his capacity as co-executor. We conclude also that, assuming error in striking the motion to enter default, the error was harmless, and do not reach the issue of adequacy of notice.

*Facts*

*Background.* We recite the facts illuminating the background of the matter at bench as they appear in exhibits to a prior and related petition for prerogative writ filed with us by Albert Pepper, now deceased, and Bernard Reich.

Real party in interest, Brentwood Country Club, is a corporation. Reich and Albert Pepper were members of the club; Reich remains a member. Beginning in mid-1974, Reich expressed dissatisfaction with the luncheon service at Brentwood. On September 25 of that year, Reich expanded his complaints in a letter to Brentwood's president which expressed particular disapproval of the quality of corned beef and pastrami available to Brentwood diners. The letter continues, "I am thinking seriously of selling my membership, but since the transfer fees in my opinion have been illegally set, I may want to take appropriate individual and class action."

On January 10, 1975, Reich directed a letter to Brentwood by certified mail in which he objected to the fee assessed by the corporation on transfers of memberships. On November 17 of that year, Reich, acting as an attorney at law representing Albert Pepper, wrote Brentwood complaining of a transfer fee included in a "final statement" given by the club to Pepper upon the sale by Pepper of his membership. That statement reduces a $20,000 price for the Pepper membership by a transfer fee of $5,560 to reach a credit of $14,440 for the sale.

On November 21, 1975, Reich sought an "acknowledgment at least informally that the statute of limitations for a class action will be tolled during [further] discussions." The acknowledgment having been refused by a lawyer-member representing Brentwood, Reich directed a letter to the Brentwood board of directors on December 1, 1975, suggested that the board "seek independent counsel with whom I can negotiate before and after a formal written opinion has been rendered."

On March 1, 1976, Albert Pepper, represented by Reich as his lawyer, filed a complaint in superior court against Brentwood. Asserting claims on behalf of Albert Pepper and others similarly situated, the complaint alleges that the club's imposition of transfer fees upon sales of memberships is illegal and contrary to Brentwood's bylaws.

On March 9, Reich wrote a lawyer-member of Brentwood complaining that Richard Crane, counsel retained by Brentwood prior to the filing of the complaint, had not followed instructions "to give me everything that I wanted." The letter suggests that a committee of the board of directors meet with Reich "to negotiate and 'settle.' " On March 22, 1976, Reich again wrote to the Brentwood board of directors, this time by a letter captioned "Pepper, etc. v. Brentwood Country Club, etc. . . . ." The letter begins that Reich is writing in his capacity as "a member of Brentwood from its inception." It follows with the statement, "The opinion you received from outside counsel is essentially wrong" and for about six pages says why.

On April 20, 1976, the president and chairman of the legal committee of Brentwood directed a letter to all Brentwood members including Reich notifying them of the pending class action and stating that Albert Pepper was represented by Reich. The letter states: "Efforts to dispose of the matter amicably have not been successful. The Board has therefore retained counsel to represent the Club . . . ." Reich responded on April 22 with a letter directed to the board of directors of Brentwood and not to counsel in which he said that the statement of unsuccessful efforts to dispose of the matter amicably was libelous.

On June 1, 1976, Brentwood pursued a motion in the superior court to remove Reich as counsel for the plaintiff in the class action. The motion was based upon an asserted conflict of interest on the part of Reich because of his membership in the club. The superior court granted the motion. Reich then filed an amended complaint stating the same substantive allegations on behalf of Albert Pepper and adding a cause of action on behalf of present members with himself as representative party plaintiff. Based upon the amended complaint and an assertion that Brentwood had formalized its transfer fee policy, Reich and Albert Pepper sought reconsideration of the superior court order. The court granted reconsideration and entered a new order: (1) again disqualifying Reich as counsel; and (2) ordering Reich "not to participate in any way, directly or indirectly, in the prosecution or maintenance of [the class action]."

On October 19, 1976, Reich filed his petition with this court seeking an alternative writ reviewing the action of the superior court. Concluding that Reich's conduct in at least two instances communicating directly with a client represented by counsel constituted "unclean hands" in the same transaction in which Reich sought relief for himself and his principal (rule 7-103, Rules of Prof. Conduct), we denied the petition for an alternative writ without reaching consideration of its merits. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 122.) A petition for hearing filed by Reich and Albert Pepper in the Supreme Court seeking review of our action was denied.

*Case at bench.* Albert Pepper died on January 4, 1977. He left a will designating Reich and Virginia Pepper as co-executors. Letters testamentary on the will issued March 16, 1977. Counsel for Brentwood having refused to agree to the substitution of the executors as named plaintiffs in the class action, Virginia Pepper and Reich filed a request to enter Brentwood's default on the class action complaint.

Brentwood responded with an order to show cause directed to Reich seeking to hold him in contempt for violation of the order that he not participate in the prosecution or maintenance of the action and "other relief." Virginia Pepper and Reich moved to continue the class action in the name of the executors in pro. per. Brentwood's default not having been entered per their request, Virginia Pepper and Reich also moved that the court order its clerk to enter the default.

Declarations in support of the order to show cause re contempt summarize the background information we have recited above. Reich's declaration in support of his motion to compel the clerk to enter Brentwood's default challenges the validity of the order which in effect removed him as a named plaintiff in the class action. His declaration in opposition to the order to show cause and other declarations state the fact of Albert Pepper's death and Reich's qualification as co-executor of the Pepper will. A declaration also challenges the validity of the prior order removing Reich as counsel.

The superior court dismissed the order to show cause re contempt. It struck the motions of Reich and Virginia Pepper, appearing in pro. per. as coexecutors of the will of Albert Pepper, to continue the class actions in their names and to secure an order to the clerk to enter Brentwood's default. The court also restrained Reich from acting further in his capacity as coexecutor with respect to prosecution or maintenance of the

class action, restrained him from appearing in the action in pro. per. without prejudice to his commencing an individual action, and ordered Reich not to counsel with Virginia Pepper in relation to the class action. Brentwood was granted 30 days from the "date that a proper party plaintiff has been substituted" to plead to the complaint.

Reich and Virginia Pepper sought review of the latter order by a petition for extraordinary writ to this court. Treating the petition as one for writ of mandate, we issued our alternative writ.

*Review by Extraordinary Writ*

■ *Unclean hands.* We note at the outset that the procedural bar to consideration of the merit of the Reich-Albert Pepper prior petition to this court is no longer applicable.

■ A petitioner's own inequitable conduct may bar his right to relief in the form of a prerogative writ, but the bar applies only if the inequitable conduct occurred in the transaction to which the petition for extraordinary relief relates. (5 Witkin, Cal. Procedure, *supra,* Extraordinary Writs, § 122.) Past improper conduct in a different transaction unconnected with the current subject matter is not a bar. (7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, § 10.) The bar of unclean hands is limited if policy considerations favor substantive relief. (7 Witkin, *id.,* Equity, § 13.)

■ The juxtaposition of the principles delineating the scope of conduct which triggers the bar and policy considerations limiting its application results in the inapplicability of the doctrine of unclean hands to the matter now before us.

The transaction with which we are here concerned is Reich's obligation to carry out the fiduciary duty imposed by his status as co-executor of the will of Albert Pepper. The duty includes action as executor of the Albert Pepper estate in litigation to which Pepper was a party at the time of his death. (7 Witkin, Summary of Cal. Law, *supra,* Wills and Probate, §§ 337, 338.) The conduct of Reich which we previously concluded justified denial of our alternative writ to Reich and his principal was that of Reich as an attorney acting for Albert Pepper in the controversy to which the earlier petition related. Granted that the subject matter to which the current petition is pertinent is connected with the prior

transaction, the connection has been substantially attenuated by the untimely death of Albert Pepper.

The considerations of policy favoring relief despite the presence of inequitable conduct on the part of the one seeking it are also now substantially different from those present in the earlier petition. Previously we balanced considerations favoring the representation of Albert Pepper by a lawyer of his choice against apparent misconduct of the lawyer in the course of that representation. Albert Pepper, an intended beneficiary of his lawyer's action, could properly be held to suffer equally with his agent by reason of the bar to extraordinary relief. Here, however, we must balance considerations favoring the duty of an executor to carry out the wishes of the decedent, who designated him in that capacity, against past conduct of the executor acting in a different capacity. Here, we cannot conclude that the estate of Albert Pepper was an intended beneficiary of the lawyer's past misconduct.

In light of the attenuation and policy considerations favoring the discharge of fiduciary obligations, we conclude that the bar of unclean hands no longer applies.

### *Relief by Extraordinary Writ*

█ "[I]n unusual circumstances [mandamus] will lie where, under the facts, . . . discretion [of the trial court] can be exercised in only one way." (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379], quoted in *Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].) Here the circumstances are unusual. The trial court has precluded an executor from performing a duty imposed upon him by his status and even from counseling with his co-executor. Remedy by appeal will not remedy the harm in view of the continuing nature of an executor's obligation. Here, as we note below, the trial court was compelled by the facts to exercise its discretion in ruling upon motions before it in only one way.

### *Substitution of Co-executor as a Party*

Code of Civil Procedure section 385, subdivision (a) states in pertinent part: "In case of the death . . . of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. . . ." █ While section 385 is phrased in permissive terms, the right of a personal representative to be substituted

for a deceased party is absolute if the cause of action survives death. (*Majors* v. *County of Merced* (1962) 207 Cal.App.2d 427, 434 [24 Cal.Rptr. 610]; see also *Campbell* v. *West* (1892) 93 Cal. 653, 656 [29 P. 219].)

Here the uncontroverted facts are that Albert Pepper, the designated plaintiff in the class action, died and that Reich is one of his personal representatives. Section 385, as judicially construed, compels the trial court to substitute Reich for Albert Pepper upon motion.

Brentwood argues that irrespective of the compulsion to substitute Reich as a party the trial court action is correct because the co-executors acting in pro. per. lack power to prosecute any portion of the underlying lawsuit including a motion to substitute. It cites in support of that proposition *City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775 [69 Cal.Rptr. 830]. *City of Downey* holds that pro. per. representation by a personal representative is improper if the representation in effect permits a non-lawyer to practice law. (263 Cal.App.2d at p. 783.) Here, however, Reich is a lawyer. Hence the rationale of *City of Downey* does not apply unless Reich is disqualified from exercising his license to practice law in the class action.

Therefore, we must, in effect, reach the merit of the prior petition for extraordinary writ which we rejected for procedural reasons.

█ Brentwood's motion to remove Reich as counsel was based solely upon an asserted conflict of interest between Reich's status as a Brentwood member and his position as counsel for persons suing the corporate club. The conduct which we deemed sufficient to bar the claim of Albert Pepper and Reich to relief by extraordinary writ is not asserted as a ground for disqualification in the notice of motion. The declarations in support of the only ground asserted in the motion do not sustain the ruling of the trial court on it.

There is no indication in the record that Reich acquired any information as a result of his acting as a lawyer for Brentwood or in any other confidential capacity. Rather, Reich is asserted to have obtained information in his capacity as a Brentwood member that may aid his prosecution of the class action. No claim is made that the information was conveyed in confidence or that Reich is possessed of any factual knowledge not shared by his client and other members of the club. (See *Meehan* v. *Hopps* (1956) 144 Cal.App.2d 284, 290 [301 P.2d 10].)

The conflict of interest claimed in the motion to disqualify counsel is essentially that Reich, by acting as the lawyer for a former member suing the club and in pro. per. as a club member, is suing a group of which he is a part. That action is claimed to be "highly devisive [*sic*]" of the Brentwood membership.

The effect of that conflict upon the right of Reich to act as counsel in the case at bench is governed by rules 4-101 and 5-102 of the California Rules of Professional Conduct. Rule 4-101 states: "A member of the State Bar shall not accept employment adverse to a client or former client, without the informed and written consent of the client or former client, relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment . . . ." Rule 5-102 provides: "A member of the State Bar shall not accept professional employment without first disclosing his relation, if any, with the adverse party, and his interest, if any, in the subject matter of the employment."

Here Reich did not accept employment adverse to a client or former client when he undertook to represent first Albert Pepper and then to add a cause of action in his own name. Brentwood was never a client of Reich. Here there is no showing that Albert Pepper was unaware of the fact that Reich was a Brentwood member with an interest in the class action.

The fact that Reich is both a member of the Brentwood corporation and a person who will benefit if the class action against the corporation is successful is not a disqualifying factor in itself. Absent the potential of breach of confidence, a former attorney for a corporation may even represent stockholders in a derivative action against the corporate directors. (*Jacuzzi* v. *Jacuzzi Bros., Inc.* (1963) 218 Cal.App.2d 24, 29 [32 Cal.Rptr. 188].) Here Reich, who never was an attorney for Brentwood, is no more disqualified from acting in a membership class action against the corporation than is a former attorney for a corporation who represents its shareholders in a representative suit.

Nor is the potential of "disruption" of the social atmosphere at Brentwood a disqualifying factor. A social relationship does not disqualify an attorney from professional employment adverse to that interest. (*De Long* v. *Miller* (1955) 133 Cal.App.2d 175, 177-179 [283 P.2d 762].) The potential of disruption of purely social relationships must be balanced against the interest of a party in representation by a lawyer of

the party's choosing. So weighed, the balance falls in favor of representation.

In sum, the death of Albert Pepper, a designated plaintiff in the class action, required the court, upon motion, to substitute the personal representatives of the deceased as plaintiffs. Reich, as a member of the State Bar, was entitled to proceed in pro. per. in his capacity of co-executor. The trial court therefore erred in refusing to permit him to do so. The error infects the trial court's action denying the motion for substitution of parties, its action restraining Reich from appearing in pro. per. in the lawsuit, and the order restraining Reich from counseling with Virginia Pepper with respect to the class action.

### Motion to Compel Entry of Default

While the record is by no means clear on the subject, apparently Reich and Virginia Pepper, before they moved to be substituted as plaintiffs and while the trial court order precluding Reich from acting in pro. per. was in effect, requested that the superior court clerk enter Brentwood's default in the class action. The clerk refused to honor the request.

Reich and Virginia Pepper now assert that the clerk was under a duty to enter the request for default. We do not reach the questionable validity of that contention. Given the nature of the record, it is a foregone conclusion that any default that would have been entered would of necessity been set aside on a motion pursuant to Code of Civil Procedure section 473. In that circumstance, error of the clerk, if in fact it occurred, was harmless so that Reich and Virginia Pepper are not entitled to relief from this court.

### Sufficiency of Notice

Reich and Virginia Pepper question the sufficiency of notice to them of the proceedings which led to the trial court action restraining Reich from appearing as co-executor and from counseling with Virginia Pepper with regard to the class action. Because we overturn that trial court action for other reasons, we need not reach the notice issue.

### Disposition

We direct that a peremptory writ of mandate issue requiring the respondent superior court: (1) to vacate its order dated August 29, 1977,

issued on Brentwood Country Club's order to show cause etc. in Los Angeles Superior Court case No. CA 000312 entitled Albert Pepper et al. v. Brentwood Country Club, except that portion of the order which dismisses proceedings in contempt against Bernard Reich; and (2) to enter a new order granting the motion of Bernard Reich and Virginia Pepper, as co-executors of the will of Albert Pepper, deceased, to continue the action in their names as executors and denying the application of Brentwood Country Club for an order restraining Bernard Reich from counseling with Virginia Pepper, co-executor of the will of Albert Pepper, in any way with respect to case No. CA 000312.

Lillie, Acting P. J., and Hanson, J., concurred.