Filed 12/13/22  Salgado v. The Daily Breeze CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| IGNACIO SALGADO, | B309434 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC458074) |
| v. | |
| THE DAILY BREEZE et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed.

Trush Law Office, James M. Trush; Marlin & Saltzman, Stanley D. Saltzman, Cody R. Kennedy, Joel M. Gordon; Law Offices of Timothy Donahue and Timothy J. Donahue for Plaintiff and Appellant.

Perkins Coie, Jill L. Ripke and Lauren M. Kulpa for Defendants and Respondents.

This appeal is taken from an order granting a motion to dismiss class claims in an action where the class has lacked a living class representative for seven years. The class was initially certified in 2014 under the case caption *Ignacio Salgado, Individually and on Behalf of Other Members of the General Public Similarly Situated v. The Daily Breeze et al.* (Super. Ct. L.A. County, 2015, No. BC458074). Defendants in the matter below, and respondents on appeal, are MediaNews Group, Inc. (MNG), Torrance Holdings, LLC, doing business as the Daily Breeze (Daily Breeze), and Long Beach Publishing, LLC, doing business as Long Beach Press Telegram (Press Telegram) (collectively respondents). The lawsuit asserted a claim for reimbursement of business expenses on behalf of the class under Labor Code sections 2800 and 2802.

Ignacio Salgado died in August 2015. At issue in this appeal is whether the class claims were properly dismissed due to the lack of an adequate class representative. While Jaime Salazar has been substituted as a representative of Salgado's estate as to Salgado's personal claims, he was never substituted as class representative in this matter. No formal motion for substitution of the class representative was ever granted, or even heard, in this matter. Thus, there is no living appellant in this matter.

**PROPRIETY OF THE APPEAL**

We requested supplemental briefing on the issue of whether we could proceed with the appeal under these circumstances. Class counsel asserts that the death of Salgado has not divested this court of the "fundamental jurisdiction" needed to continue to maintain the action or address erroneous

rulings, citing *Hogan v. Superior Court* (1925) 74 Cal.App. 704, 709-710 (*Hogan*). In *Hogan*, judgment was rendered in favor of the administratrix of the deceased in February 1924. In April 1925, the superior court granted an ex parte order substituting that same administratrix as the plaintiff in that action. The appellant there argued that the judgment was void because the action was without a plaintiff when it was tried. Under those circumstances, the Court of Appeal determined that fundamental jurisdiction remained despite the party's death. The *Hogan* court concluded that because the court had obtained jurisdiction over the party in his lifetime, the judgment was erroneous, rather than void, and that such error could be corrected. (*Id.* at pp. 710-711; see *Collison v. Thomas* (1961) 55 Cal.2d 490, 496; *Todhunter v. Klemmer* (1901) 134 Cal. 60, 63.) However, these authorities all address the common situation in a nonclass action lawsuit where a party's heir or successor will naturally step in, as the heir is the "'real part[y] intended.'" (*Collison*, at p. 496.) They do not address the situation where, as here, the deceased individual was acting as a class representative.

Respondents also suggest that the lack of a living appellant does not affect this court's ability to render judgment on the issue pending on appeal: whether the trial court correctly dismissed the class claims in this case due to the lack of a class representative. Respondents cite case law suggesting that appellate courts frequently review a trial court's ruling on class certification even absent an adequate class representative. (Citing *Payton v. CSI Electrical Contractors, Inc.* (2018) 27 Cal.App.5th 832 [plaintiff appealed from order denying class certification in part because plaintiff was deemed an inadequate class representative]; *Jaimez v. Daiohs USA, Inc.* (2010) 181

3

Cal.App.4th 1286, 1307 [plaintiff, inadequate class representative, appealed from order denying class certification].) However, in both these cases, a living person, aggrieved by the trial court's decision, was the appellant. There is no such living, aggrieved person acting as appellant in this appeal.

While both parties urge this court to address the issues on appeal, neither cites a case in which a long-deceased class representative, as the sole appellant, was permitted to prosecute an appeal.[1] At the parties' urging, we consider the issues raised on appeal and conclude that the trial court did not err in dismissing the class claim in this matter.

---

[1] Salgado was deceased at the time that we rendered a previous opinion in this case. (*Salgado v. The Daily Breeze* (June 6, 2018, B269302) [nonpub. opn], fn. 1.) However, class counsel did not notify the trial court of Salgado's death until December 23, 2015, the same date that counsel filed their notice of appeal in the previous appeal, along with the filing of a "Notice of Appointment of Special Administrator for Plaintiff Ignacio Salgado (Deceased)." We did not address the lack of formal substitution of the class representative, as Salgado's death was relatively recent and the judgment appealed from had disposed of all class claims. Instead, we noted that, as the parties informed us, on December 22, 2015, Salazar was appointed special administrator and given the power to act on behalf of the estate of Salgado for the purposes of that appeal. Under the circumstances of the previous appeal, the lack of a formal substitution could be considered a mere "'procedural irregularity'"—but one that "nonetheless . . . require[d] corrective action" in the trial court. (*Maher v. Saad* (2000) 82 Cal.App.4th 1317, 1328, fn. 3.) Because a class claim was reinstated, and so many years have passed without corrective action, the omission of a living class representative can no longer be considered a mere procedural irregularity.

4

## FACTUAL AND PROCEDURAL BACKGROUND
**Complaint and summary judgment proceedings**

Respondent MNG owns respondents Torrance Holdings, LLC, and Long Beach Publishing, LLC, which publish the Daily Breeze and the Press Telegram, respectively. Between 2007 and 2011, the Daily Breeze and the Press Telegram contracted with third party independent contractors, including Salgado, for home delivery of newspaper products.

On March 24, 2011, Salgado filed a putative class action alleging nine claims predicated on the theory that, although he had executed independent contractor agreements with respondents, he was, in fact, an employee. Among other claims, Salgado asserted that respondents maintained a company-wide policy not to reimburse Salgado and other putative class members for necessary business expenses incurred in carrying out their required duties. The trial court certified four causes of action for class treatment: (1) fourth cause of action for failure to provide correct itemized wage statements; (2) fifth cause of action for unreimbursed business expenses; (3) sixth cause of action for failure to maintain employee records; and (4) ninth cause of action for unfair business practices. The remaining claims proceeded as individual claims.

After class certification, respondents moved for summary judgment or, in the alternative, summary adjudication as to all claims. On May 26, 2015, the trial court granted respondents' motion for summary judgment, and entered judgment in respondents' favor.

Salgado died on August 17, 2015. On December 22, 2015, the probate court appointed Salazar as special administrator of

5

Salgado's estate for the purpose of Salgado's individual interest in the class action. Despite appearing at an October 19, 2015 hearing class counsel did not inform the trial court of Salgado's death until December 23, 2015, simultaneous with counsel's filing of their notice of appeal from the judgment.

On June 6, 2018, this court reversed the trial court's grant of summary judgment as to the fifth cause of action for unreimbursed business expenses. On August 6, 2018, this court issued a remittitur and sent the case back to the trial court. Class counsel submitted a peremptory challenge to the judge that granted the summary judgment motion, and the matter was reassigned for all purposes.

## Relevant proceedings on remand

### *Briefing and discovery relating to substitution of class representative*

At the first postremittitur case management conference on February 27, 2019, the court ordered the parties to meet and confer regarding whether a stipulation could be reached as to various issues, including the substitution of the administrator as a class representative, and set a case management conference for April 25, 2019. The parties submitted a joint case management statement in advance of the April 25 case management conference, which addressed each of the parties' positions regarding the special administrator (Salazar). Respondents "reserve[d] all rights to argue . . . that the Special Administrator is not an adequate class representative." At the conference, the trial court asked the parties to address "whether a special administrator for a deceased person can be a proper class representative."

6

On May 7, 2019, the trial court issued an order stating that "the parties' first efforts in the case should and must be directed towards trying to answer the question of who might now be a proper class representative in light of the demise of Mr. Salgado." The court indicated that it "would like to see a new class representative suggested and a motion made in that regard within 30 days and the motion to decertify the class filed and served to be heard at the same time, i.e., both within 60 days."

In a June 18, 2019 case management statement, class counsel asserted that it was respondents' burden to move to challenge Salazar's adequacy upon formal motion and if the challenge was successful, class counsel "must be afforded [the] opportunity to issue notice to the class and conduct a reasonable search for a new class representative." On June 26, 2019, the trial court informed class counsel that it was concerned that Salazar was not an appropriate class representative. The court pointed out that Salazar was "someone who's out of the business or not under contract in terms of ability to provide discovery. I don't know if he's going to have that knowledge that's essential for him to be a class rep." The court warned class counsel, "I think it would be better to look for somebody who would be a better rep at this point."

On the same date, the trial court issued the following written order:

> "Plaintiff's counsel is to decide if someone is to be substituted in as a plaintiff in the place of the deceased, Ignacio Salgado, i.e., in his sense of becoming a plaintiff 'in his shoes' as one with a derivative claim, entitled to seek or recover damages in Mr. Salgado's place as set forth and required in the Code of Civil Procedure sections relating to the substitution of personal representatives and/ or

7

successors in interest (or as an administrator or representative of his estate if required by the Probate Code); and should this take place, then counsel must decide whether or not to seek to have that person also be recognized and designated as the class representative or to have someone else nominated for that role. If plaintiff's counsel decide that they wish to proceed in this manner, they should do [so] with regard to the personal representative issue per Code, but as to a substitution as the 'class representative,['] Plaintiff must file a motion to have the chosen person, whether it be the 'personal representative/successor in interest' to Mr. Salgado or someone else, so recognized—the 'class representative motion.'"

The trial court ordered class counsel to inform respondents by approximately July 26, 2019, the identity of the proposed class representative so that respondents could undertake discovery as to whether he or she was adequate.

On July 26, 2019, class counsel sent a letter to respondents' counsel stating that counsel intended "to propose that Jaime Salazar be recognized as Class Representative in this action. Plaintiff is further investigating the possibility of naming an additional proposed class representative within his motion; however, Plaintiff's efforts are continuing in this regard. Accordingly, Plaintiff requests that the Parties enter into a stipulation extending the timeline of the Parties' motions (currently due Sept. 26, 2019) to allow Plaintiff a reasonable time to determine whether an additional proposed representative shall be identified in his motion, and to allow Parties further adequate time to conduct the limited discovery contemplated by the Minute Order."

8

Respondents propounded written discovery (special interrogatories and requests for production) to Salazar and scheduled his deposition for September 2019. The trial court granted the parties' joint stipulation to extend the time to file their motions from September 26, 2019, to October 25, 2019. The trial court set the hearing date on the parties' motions for January 15, 2020.

In August and September 2019, respondents conducted discovery about whether Salazar would be an adequate class representative.[2]

Class counsel filed briefing on October 31, 2019, which included briefing on class counsel's position that Salazar and the estate should be recognized as class representative. Counsel argued (1) that California law does not require that a new class member be appointed as a class representative, (2) that Salgado had already been found to be an adequate class representative, and (3) that Salazar had already properly undertaken his duties to represent Salgado's estate on this action and would continue to perform that role until the resolution of the case. The briefing made clear that class counsel was "**not** seeking for Salazar to be substituted as Class Representative in his personal capacity, or as an alleged class member." It was undisputed that Salazar did not contract with respondents for home delivery of newspaper

---

[2]     Respondents provide extensive details as to why the discovery they conducted revealed that Salazar was an inadequate class representative, including information respondents gained from Salazar's September 9, 2019 deposition. Because Salazar's adequacy as a representative is not at issue in this appeal, we decline to set forth this information.

products during the relevant time frame. Class counsel agreed that Salazar is not personally a class member. Counsel argued:

> "From a procedural standpoint Plaintiff is not seeking for Salazar to be substituted as Class Representative in his personal capacity, or as an alleged class member. Rather, it is Salgado's estate that is continuing to pursue this litigation, and Mr. Salazar happens to be the person charged with carrying out that task on Salgado's behalf."

Counsel took the position that no change or substitution needed to take place, as "Salgado's estate remains the proper Class Representative in this action."

On October 31, 2019, respondents filed two motions: a motion to decertify the class and a motion to dismiss class claims.

### *Substitution of estate as Salgado's personal representative*

In response to the court's request at the June 26, 2019 hearing, the parties met and conferred and entered a signed stipulation for substitution of plaintiff pursuant to Code of Civil Procedure section 377.31. The stipulation allowed Salazar to serve as personal representative of Salgado's estate for purposes of Salgado's individual claim. The stipulation specified:

> "By way of this stipulation [respondents] do not waive their position (including but not limited to any corresponding legal arguments and/or objections associated therewith) that Mr. Salazar, as personal representative of the estate of Ignacio Salgado, deceased, may not, and should not, act or serve as the class representative in this matter, and that there has been no class representative since the death of Salgado, which is stated to have occurred on August 17, 2015, pursuant to plaintiff's Notice of

10

Appointment of Special Administrator for plaintiffs Ignacio Salgado (deceased), filed December 23, 2015."

The proposed order was not signed by the trial court.[3]

### *Further relevant proceedings regarding appointment of class representative*

On January 15, 2020, the trial court held a hearing on respondents' motions for decertification and to dismiss class claims, as well as class counsel's briefing seeking that Salazar and the estate be recognized as class representative. At the hearing, the trial court acknowledged class counsel's "class representative briefing motion." The trial court indicated that what it sought was briefing, but "you're really telling me now you want to treat it as a motion." Class counsel responded, "[T]hat's actually not the case. We filed it with just the title 'briefing,' and

---

[3] After this court requested supplemental briefing on the issue of whether we could enter judgment for or against Salgado (deceased) in this appeal, the parties appeared ex parte before the trial court to have the court order the name of the plaintiff be changed in light of the appointment of an administrator to administer Salgado's estate many years ago. By order dated April 29, 2022, the trial court confirmed that on April 25, 2019, it determined that Salazar would be allowed to proceed with the case as Salgado's representative "but as to the former plaintiff's individual claims only and not as a representative of the 'class' involved in the action as to which [Salgado] had been the 'class representative.'" The trial court declined to change the caption of the case, but suggested that any such caption should read: "'Jaime Salazar as special administrator of the estate of Ignacio Salgado but as to individual claims only,' thereby omitting any reference at all to there being any class action or to Salgado or to his administrator as being as sort of 'representative' in that regard."

11

the clerk rejected it and required us to refile it with a new name including the word 'motion.'"[4]

The trial court later noted that it did not yet have a motion to substitute a class representative, despite having given class counsel a deadline to do so. The trial court stated, "I don't have a motion even now to substitute somebody as a new class representative. I have no such class representative suggested. . . . Time to come into court and get a new class representative, and so on. All right. That's number one."[5]

At the hearing, the trial court asked for supplemental briefing on a number of topics, including a request "to see some more case law on this point; i.e., the deceased class representative, and what happens after that." The hearing on the further briefing was initially scheduled for May 4, 2020. Due to extensions related to the COVID-19 pandemic, the briefing

---

[4] The court later clarified: "So this is—but in reality it is a motion. You want to have the court accept the representative of Mr. Salgado's estate as class representative here." Counsel responded, "Yes and no, your honor." The court then asked, "Is it in that brief that you make your case for that?" To which counsel responded, "You can state it that way."

[5] Contrary to class counsel's representation in its briefs to this court that they did file a motion to substitute new class counsel, the record shows that they did not. Instead, in the "class representative briefing motion," they insisted that the court "accept" that this had somehow already occurred by virtue of Salazar's appointment as personal representative of Salgado's estate. The court was not contradicting itself when it later stated, "I don't have a motion even now to substitute somebody as a new class representative." The record shows that the court was correct—counsel did not file such a motion in connection with its October 2019 briefing.

deadlines were extended into August and September 2020, and the hearing was continued to October 7, 2020.

In its August 2020 brief, class counsel asked for more time to name a new class representative. Class counsel did not submit any evidence that any efforts had been made to contact any potential class representatives, even though class counsel had informed respondents in July 2019 that they were considering such action and sought an extension at that time for the same reason.

At the October 7, 2020 hearing, the trial court heard argument on respondents' motion to dismiss, respondents' motion for decertification, and class counsel's briefing regarding the adequacy of Salgado's estate as a class representative. The court noted that class counsel had "months and months and months and months to get—in fact, years—to get a proper class representative appointed." The court pointed out that there are proceedings to have a personal representative substituted in as class representative, "[a]nd that has never happened." The court took the matter under submission.

**The court's order dismissing class claim with prejudice**

On October 15, 2020, the trial court issued a written order dismissing with prejudice the class action claim "due to the lack of an appropriate and approved class representative."

The trial court observed that class counsel stipulated that they were "not contending that Salazar should or could be properly appointed as a class representative on his own merits." Instead, class counsel took the position that, "as a matter of law, a person appointed to be the administrator of a deceased's estate in probate is automatically also entitled to serve as the class representative in a class action if the deceased had been so

13

designated prior to his or her demise." In summary, the court stated, "class counsel are now asking that the court find that Jaime Salazar, the nephew of the deceased Ignacio Salgado, be recognized as the 'new' class representative and as having been such since 2015 when he became the administrator . . . of Mr. Salgado's estate." The court pointed out that class counsel was wrongly conflating Salazar's role as personal representative of Salgado's claim as an individual, and Salgado's role as the representative of a class similarly situated "with no money or benefit coming to him which might be in any way an asset of his estate." The court noted, "Class counsel speak as if these two distinct involvements were one and the same and conflates the two . . . ."

The court further noted that the "most obvious route" class counsel could have taken was "simply moved the trial court, as far back as 2015 to replace the class representative." Such action, the court pointed out, was within the trial court's power even when this matter was pending on appeal. The court emphasized that despite being Salgado's personal representative as to his individual claims, Salazar did not automatically take over Salgado's role as class representative:

> "Accordingly, class counsel are in error when they try to suggest that Salazar is and has been involved in this action in some sort of individual capacity as an individual 'personal representative' of Salgado capable of performing all functions that Salgado could have performed. That is not the case. Salazar 'as the estate representative' has been recognized, and an estate cannot be a class representative, discussion infra. Salazar has been and is only the representative of that asset held in

14

probate as to which the heirs are the ultimate true parties in interest."

The court concluded that "all of counsel's discussions about Mr. Salazar being the 'personal representative' of Mr. Salgado are misplaced and actually misleading in the attempts to suggest that Salazar as administrator is and has been acting in some sort of individual role or capacity not only as to Salgado's personal claims and also as a class representative." The court specified, "He appears only 'for and on behalf of' the estate, and an estate cannot be a class representative in a class action." The court further noted that "the facts before the court indicate that he could not or would not be allowed to serve as such in this case were his qualifications examined."

The court found that "there is now no properly designated or approved representative of the class and that there has not been since 2015 which in turn calls for a dismissal of the class action aspects of this case unless Plaintiff has demonstrated that this court should or must grant a continuance for class counsel to seek another representative of the class to replace Salgado." The court found that class counsel had failed to demonstrate that such a continuance should be granted. The matter was filed in 2011 and involved contracts existing between 2007 and 2011. The court pointed out that Salazar himself had testified that he was unable to find any records of business expenses his uncle Salgado paid for, and the court found it extremely unlikely that other class members could do so. In addition to the passage of time and lost evidence, "when Mr. Salgado passed away in 2015 counsel knew or should have known that a new class representative was needed, yet they did nothing about it." Counsel "could not have reasonably concluded . . . that it was

15

enough to just have Mr. Salazar appointed as an estate administrator in probate." Counsel admitted in briefing that as early as May 2019, the court "directed class counsel that they needed to rapidly file a motion to get a new class representative appointed, but they did not do so." Counsel "also failed to submit any facts whatsoever that would support [a continuance], such as that other class members have been located who would be willing to serve, or that there is a pool of class members who have been identified and can be contacted (who, of course, should have been contacted by now, etc.)." Under the circumstances, the court denied class counsel's motion for a continuance. The court stated, "This litigation has gone on for now nine years, and yet no effort is made in Plaintiff's papers to show that delay and a waste of time would not be the result of a grant of Plaintiff's request."

In light of the court's decision dismissing the class aspects of the case, the trial court determined that all other pending issues were moot.

**Notice of appeal**

Under California's death knell doctrine, the dismissal of class claims is immediately appealable. (*Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470.) Class counsel filed the notice of appeal in this matter on December 3, 2020. Appellant's individual claim remains viable in the trial court and is ready to be set for trial.

## DISCUSSION

### I. Standard of review

The parties disagree regarding the issue on appeal and the standard of review. Class counsel assert that the court's decision to dismiss the certified class even though the late

representative's estate has stepped in is a legal issue to be reviewed de novo.[6] Class counsel assert that (1) Salgado was found to be an adequate representative of the class; (2) Salazar was properly named representative of the Salgado estate; (3) Salazar has adequately performed his duties as the substituted class representative;[7] and (4) California law permits class actions to continue to be maintained by a deceased representative's estate.

Respondents, on the other hand, suggest that "[o]n review of a class certification order, an appellate court's inquiry is narrowly circumscribed." (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1022 (*Brinker*).) Thus, we must

---

[6] Again, class counsel insist that Salazar simply "stepped in" to the role of class representative, despite no motion to substitute having ever been decided in this matter. Still, class counsel are inconsistent in their briefing as to who precisely they contend is the class representative in this case. In their opening brief, class counsel complain that the trial court erred in "rejecting the estate and Mr. Salazar *as substitute Class Representative*, a role [Salazar] had been serving in since Mr. Salgado's death." (Italics added.) However, in their reply brief, class counsel states, "The Plaintiff in this action is still Ignacio Salgado—who diligently served in his capacity as class representative, sat for depositions, and thoroughly responded to written discovery for several years before his death." Thus there remains a lack of clarity as to the trial court's alleged error—a rejection of the automatic stepping-in of Salazar as a substitute class representative, or a refusal to allow Salgado to continue to be the class representative, although deceased.

[7] This again highlights the lack of clarity as to class counsel's position, as there was never a formal substitution of Salazar as class representative in this case.

accord such decisions "'great deference,'" and reverse "'only for a manifest abuse of discretion.'" (*Ibid.*) As relevant here, respondents argue, we must review whether substantial evidence supported the trial court's determination that class counsel failed to put forth an adequate class representative. (*Ibid.*)

Upon review of the trial court's written order, we agree with respondents that the trial court decision was a discretionary decision based on class counsel's failure to propose a new class representative upon the demise of Salgado. The trial court did not base its decision on a blanket statement of law, but on its determination that class counsel had delayed proposing new class counsel for too long and showed no efforts to find a suitable replacement for Mr. Salgado.[8]

The suitability of the named class representative is a determination that is within the discretion of the trial court. (*La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 871 (*La Sala*).) After determining that such a representative is unsuitable, and after the court has extended the plaintiffs an opportunity to amend the complaint to add new individual plaintiffs, if "the class still lacks a suitable representative, the court may conclude that it must dismiss the action." (*Id.* at p. 872.) This is the conclusion that the trial court reached in this

---

[8] Class counsel insist that the court made an erroneous legal conclusion when it determined that "an estate cannot be a class representative in a class action." We find that we need not discuss the legal accuracy of this statement, as it was not the basis of the trial court's decision, thus it was merely dicta. The court acted within its discretion in expressing concern about the suitability of the estate to serve as class counsel in this case, and in directing class counsel, on several occasions, to formally propose a new class representative.

18

case, and we review the record to determine whether the facts below support the court's actions in this matter.

A trial court's decision on certification "'generally will not be disturbed unless (1) it is unsupported by substantial evidence, (2) it rests on improper criteria, or (3) it rests on erroneous legal assumptions.'" (*Brinker, supra*, 53 Cal.4th at p. 1022.)

## II. The class lacked a class representative

Class counsel take the position on appeal that Salazar had already "stepped in" to Salgado's role as class counsel. Thus, we must first address class counsel's erroneous premise that Salazar had slipped into Salgado's role as class representative without any formal proceedings in the trial court.

In seeking to certify a class, "The party seeking class certification has the burden of proving the adequacy of its representation." (*Richmond v. Dart Industries, Inc., supra*, 29 Cal.3d at p. 470.) The named representative must be able to protect the interests of the class fairly and adequately. (*Ibid*.) However, it is within the trial court's discretion to determine, based on the facts and circumstances of the case, that an action should not be continued as a class action with the named party representative. (*La Sala, supra*, 5 Cal.3d at p. 872.) This includes a situation where the named class representative has died. Class representatives carry many obligations that require them to be alive and participate in the proceedings as necessary. (*Soderstedt v. CBIZ Southern California, LLC* (2011) 197 Cal.App.4th 133, 156 ["'even after class certification and notice, [class representatives] are the ones responsible for trying the case, appearing in court, and working with class counsel on behalf of absent members'"].)

19

When the trial court determines that an action should not be continued with the named party as class representative, the trial court should afford the plaintiffs the opportunity to add new individual plaintiffs "in order to establish a suitable representative." (*La Sala, supra*, 5 Cal.3d at p. 872.) After the court has extended such an opportunity, if the class still lacks a suitable representative, "the court may conclude that it must dismiss the action." (*Ibid*.) This is what occurred in this case.

Class counsel protest that California law permits class actions to continue to be maintained by a deceased class representative's estate. Essentially, class counsel argue that since his late uncle's death, Salazar has simply stepped into Salgado's role as class representative.[9]

Class counsel begin with the general proposition that "California law allows a deceased plaintiff's estate to maintain an action pending at the plaintiff's death and to recover any damages, including punitive damages, to which the plaintiff would have been entitled, with one exception: it precludes the estate from obtaining any damages for the plaintiff's pain and suffering." (*County of Los Angeles v. Superior Court* (1999) 21 Cal.4th 292, 294-295.) This general statement of the law is uncontested with regard to Salgado's individual claims.

---

[9] The court disagreed with class counsel on this issue, stating, "the court finds that all of counsel's discussions about Mr. Salazar being the 'personal representative' of Mr. Salgado are misplaced and actually misleading in the attempts to suggest that Salazar as administrator is and has been acting in some sort of individual role or capacity not only as to Salgado's personal claims and also as a class representative. Again, that is not the case."

20

Respondents have agreed that Salazar should be substituted as to Salgado's individual claim under Labor Code section 2802. However, this general proposition does not suggest that estate representatives may automatically step in as class representatives in a class action.

Class counsel argue that California law permits class actions to continue to be maintained by a deceased class representative's estate. Preliminarily, we note that such a permissive rule does not mandate that the trial court must allow the deceased representative's estate to maintain the class action in every case. Despite the permissive rule, trial courts continue to have the discretion to order that a new class representative be appointed. (*La Sala, supra*, 5 Cal.3d at p. 872.) Furthermore, the cases cited by class counsel do not suggest that the executor of a deceased class representative's estate may simply step in without a formal motion.

Class counsel cite three cases that illustrate that in some cases, it may be appropriate for a deceased class representative's personal representative to be substituted in as a class representative. However, the cases do not advance counsel's argument in this matter. *Lewis v. Robinson Ford Sales, Inc.* (2007) 156 Cal.App.4th 359, 362 was a proposed class action involving an alleged violation of California's Automobile Sales Finance Act. (Civ. Code, § 2981 et seq.) Defendants had opposed the motion for certification, arguing that the class was not ascertainable, there was no community of interest among the class members, no sufficient evidence as to numerosity, that plaintiff Cornell (deceased) was not typical of class members, and that his successor Lewis could not adequately represent the class. The trial court denied certification, and the plaintiffs appealed.

The Court of Appeal reversed, focusing its discussion on whether the claims were amenable to class treatment. The court included a footnote that the original class representative had died and the trial court in that matter "allowed Gary Lewis, as personal representative of Robert Cornell, to maintain and continue this action as representative of the class." (*Lewis*, at p. 362, fn. 1.) The *Lewis* court made only one other mention of this issue in its decision, stating "Plaintiff, the personal representative of Cornell, has not been shown to be an inadequate representative of the class, nor did the court actually include a ruling on that issue in its order." (*Id*. at p. 371.) The case sheds no light on what procedures occurred prior to the trial court's acceptance of Lewis as the substitute class representative, nor on Lewis's qualifications as class representative. As set forth above, simply because a trial court allowed such a substitution in one instance, does not require the court to do so in this case. Further, it does not suggest that personal representatives may simply step in to continue a class action.

*Pepper v. Superior Court* (1977) 76 Cal.App.3d 252 involved a complicated situation very different from here. Pepper and Reich were both members of the Brentwood Country Club. Pepper, with Reich as his lawyer, sued the club on behalf of himself and others similarly situated. (*Id*. at p. 256.) Prior to Pepper's death, on motion of Brentwood Country Club, the trial court disqualified Reich from acting as counsel in the matter due to a purported conflict of interest as a member of the club. After Pepper died, Reich was one of his co-executors. Counsel for Brentwood Country Club refused to allow the substitution of Reich and his co-executor as plaintiffs to continue the action. The trial court agreed and entered an order restraining Reich from

22

acting further in his capacity as co-executor with respect to prosecution of the case. (*Id*. at p. 258.) The *Pepper* court reversed, directing that the trial court enter an order granting the motion of Reich and the co-executor to continue the action in their names as executors, among other things. The court noted that Reich was "both a member of the Brentwood corporation and a person who will benefit if the class action against the corporation is successful." (*Id*. at p. 262.) The case does not stand for the proposition that Salazar automatically became the class representative in this matter—only that the trial court's reasons for denying a motion to substitute were incorrect in that case.

Finally, class counsel cite *Shuts v. Covenant Holdco LLC* (2012) 208 Cal.App.4th 609, 613, footnote 1, which presents a footnote that one of the named plaintiffs brought the action as "'successor-in-interest and personal/legal representative'" of a deceased former resident of the defendant skilled nursing facilities, and the second named plaintiff was a conservatee and current resident of one of the facilities, bringing the action through his conservator. The footnote merely explains that the case caption was adjusted to reflect the proper parties. The case does not suggest that such substitution is required in every case, nor does it explain the procedural history of the matter.

The facts in this matter differ from all three cases. First, the trial court made known soon after the matter was remanded its preference that class counsel file a formal motion to designate a new class representative. Class counsel did not do so, instead arguing that Salazar, as Salgado's personal representative, had simply stepped in as replacement representative. The court raised the issue many times, and despite their initial statements

23

that they would be seeking another individual to potentially serve as class representative, counsel never did so. Class counsel has not cited any cases suggesting that, under the circumstances of this case, it was an abuse of discretion for the trial court to dismiss the class claim.

Class counsel argue at length that Salazar met the minimal adequacy standard for a class representative.[10] We find this discussion to be irrelevant. As class counsel admit, the trial court did not engage in any extensive evaluation of Salazar as a potential class representative. Due to the court's decision to dismiss the case due to the extended absence of an approved class representative, the trial court declined to consider Salazar's qualifications as class representative.[11] Instead, the court stated: "in light of the fact that the plaintiffs have not even argued that such a recognition of proper qualifications is being argued or submitted, the court need not reach or rule upon these issues." As the issue was not considered at length in the trial court, we decline to address it.

---

[10]    Again, class counsel's inconsistent positions as to the identity of the class representative do not advance their claims. Class counsel insist at other points in their briefs that Salgado, not Salazar, remains the class representative.

[11]    The trial court did note that "the parties agree that Mr. Salazar was, at some point, a newspaper carrier for one or more of the defendants, it appears that all parties agree that it was not for the same period as Mr. Salgado and the other 'class members' identified in the Complaint as being similarly situated with Mr. Salgado." The court described it as "hornbook law" that "a plaintiff seeking to maintain a class action must be a member of the class he claims to represent." (Citing *Petherbridge v. Altadena Fed. Sav. & Loan Assn.* (1974) 37 Cal.App.3d 193, 200.)

Class counsel have failed to provide legal authority for their position that Salazar simply stepped into the role of class representative in this matter or that such automatic recognition of an individual would have been appropriate in this case. Thus, we conclude, as the trial court did, that there was no properly approved or designated class representative since the time of Salgado's death in 2015. Under the circumstances, it was within the trial court's discretion to dismiss the class claim.

## III. Continuance for leave to amend

In the event that respondents' motion to decertify the class was granted in the trial court, class counsel sought a continuance to amend the class complaint and propose a new class representative. The trial court acknowledged the general rule that a liberal approach should be taken and relief is called for where there is a reasonable possibility that the defect can be cured by amendment. (Citing *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) However, the burden is on the plaintiff to demonstrate "in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Ibid.*)

The trial court found that class counsel had not made an adequate showing in this matter. Specifically, they "failed to submit any facts whatsoever that would support [a continuance], such as that other class members have been located who would be willing to serve, or that there is a pool of class members who have been identified and can be contacted (who, of course, should have been contacted by now, etc.)." Class counsel cited no factually similar cases suggesting that a continuance was warranted under the circumstances of this case. In sum, the trial court found "[t]here is no good excuse that has been proffered for counsel's

25

prolonged failure to act to seek a new representative—especially after hearing the court's directive and repeated insistence that a replacement appeared to be needed." The court was concerned with the significant prejudice caused by the delay, "not just as to the defendants' ability to defend, but also in terms of Plaintiff's ability to proceed with the entire action." The court noted, "We all know that cases do not get better with time, memories fade and evidence is lost."

We review the trial court's decision on class counsel's request for a continuance and leave to amend for abuse of discretion. (*Graphic Arts Mutual Ins. Co. v. Time Travel Internat., Inc.* (2005) 126 Cal.App.4th 405, 410.) Class counsel provide few additional facts to support their position that leave to amend should be granted. First, counsel claim that the trial court did not ask for any facts regarding their potential to find a new class representative. Instead, the court asked for law regarding the court's ability to exercise its discretion in granting a motion to substitute new class representatives. Class counsel argues that it presented such law.[12] Counsel decline to address the court's earlier direction in early May 2019 that counsel

---

[12] In discussing such law, class counsel acknowledge that there are circumstances in which leave to amend is properly denied, such as "when an unreasonable delay in seeking amendment prejudices the defendant." (*Payton v. CSI Electrical Contractors, Inc., supra*, 27 Cal.App.5th at p. 849.) The *Payton* court concluded, "One of the grounds that the trial court identified here for denying Payton's request to find a new class representative was the length of time this action has been pending. The trial court could properly rely on the age of the case in denying Payton's request to find a new class representative." (*Ibid.*)

26

should attempt to locate a new class representative. In sum, class counsel argue that the trial court is setting forth an erroneous account of the years-long delay leading up to the October 2020 hearing—in counsel's words, "a delay caused by the trial court rather than any of the parties."[13] Class counsel cite no evidence in the record that counsel has made any efforts to obtain a substitute class representative in this decade-old case. Under the circumstances, we find that the trial court did not abuse its discretion in declining to grant the requested continuance.

**DISPOSITION**

The order of dismissal is affirmed. Respondents are awarded costs of appeal.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.

_____

[13] We are not inclined to adopt class counsel's version of the facts in lieu of the trial court's version of the facts. Instead, "[w]e must '[p]resum[e] in favor of the certification [decision] . . . the existence of every fact the trial court could reasonably deduce from the record . . . .'" (*Brinker, supra*, 53 Cal.4th at p. 1022.)